# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA SPENCE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 19-3031 |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                   November 20, 2019

      Vanessa Spence ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the initial decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. Before this Court is the Commissioner's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure12(b)(1). The Commissioner has filed a brief in support of its motion and Plaintiff has responded to it. For the reasons set forth below, the Commissioner's motion is granted and the Complaint is dismissed, without prejudice, as this Court lacks subject matter jurisdiction.

## I.    PROCEDURAL AND FACTUAL HISTORY[1]

      On January 22, 2019, Plaintiff applied for DIB and SSI benefits, alleging disability. Def. Br. at 1; Resp. at 2. The Social Security Administration ("SSA") denied Plaintiff's initial claim; therefore, she requested a hearing before an Administrative Law Judge ("ALJ"). Def. Br. at 1. The SSA granted Plaintiff's request and scheduled a hearing before an ALJ on November 27, 2019.

---

[1] The court has reviewed and considered the following documents in analyzing this case: Defendant's Brief and Statement of Issues in Support of Motion to Dismiss ("Def. Br.") and Plaintiff's Response to Defendant's Motion ("Resp.").

Prior to her hearing, Plaintiff filed a *pro se* Complaint in this Court on July 12, 2019. Def. Br. at 1; Plaintiff's Complaint (Document No. 1). The Commissioner filed the current motion to dismiss that pleading. (Document No. 13). Both parties have consented to the undersigned's jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. DISCUSSION

### A. Federal Rule 12(b)(1) Standard

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222, 111 S. Ct. 1839, 115 L. Ed. 2d 1007 (1991). The Third Circuit has stated:

> When there is a factual question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings…because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case…No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (internal quotations and citations omitted.) Only when the pleader will not be able to assert a colorable claim of subject matter jurisdiction, may a district court dismiss the complaint. *See Mortensen v. First Federal Savings and Loan Association*, 549 F. 2d 884, 891 (3d Cir. 1977).

### B. Exhaustion of Administrative Remedies

Before federal judicial review of the Commissioner's decision can occur, a claimant must generally proceed through a four-step process. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). "First the claimant must seek an initial determination as to [her] eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by

2

the Appeals Council." *Id*. (*citing* 20 C.F.R § 416.1400). However, without a "'final decision,' the District Court has no jurisdiction to review the Commissioner's determination." *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998). The Third Circuit has held that district courts lack jurisdiction when a Social Security claimant has not exhausted their administrative remedies. *See Van Williams v. Soc. Sec. Admin.*, 152 F. App'x 153, 154-55 (3d Cir. 2005) (non-precedential); *see also Fitzgerald*, 148 F.3 at 234. Nevertheless, per the United States Supreme Court, federal courts may retain jurisdiction over colorable claims of constitutional violations "despite a lack of a final decision." *See Califano v. Sanders*, 430 U.S. 99, 108-09, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977).

Plaintiff, appropriately, requested a hearing before an ALJ after the SSA denied her initial application. Def. Br. at 1. However, instead of waiting for her November 27, 2019 hearing, Plaintiff sought relief in federal court. She neither attended a hearing before an ALJ nor presented her case to the Appeals Council, as required; hence, her administrative remedies are not exhausted and the decision of the Commissioner is not final. Therefore, unless special circumstances excuse exhaustion, this Court lacks subject matter jurisdiction and the Commissioner's Motion for Dismissal should be granted. Notably, Plaintiff does not allege such administrative exhaustion.

Instead, Plaintiff attempts to bypass exhaustion requirements by relying on constitutional violations, but neither is colorable. Plaintiff asserts two claims. First, in response to the Commissioner's motion, she alleges that under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), her rights are "secured by the Constitution" and should not be abrogated. Plaintiff further asserts that the SSA violated her Fourteenth Amendment due process rights and her Fifth Amendment right "to life,"[2] because she was never evaluated by the Administration's

---

[2] Plaintiff's Fifth Amendment "right to life" argument must fail. The Fifth Amendment states, in relevant part, no person "shall be compelled in any criminal case to be a witness against himself nor be deprived of life, liberty, or

3

doctors. Resp. at 3. Even construing Plaintiff's *pro se* Complaint liberally[3], these assertions fail to establish a colorable claim of constitutional violations that would justify this Court's exercise of jurisdiction.

*Miranda* is inapposite in the context of the social security appeal process, because it governs custodial interrogations, self-incriminations, and confessions. *See Miranda*, 384 U.S. 436 (1966). Plaintiff's *Miranda* rights are not at issue herein, because she is not subject to criminal prosecution.

Next, Plaintiff asserts that her Fourteenth Amendment due process rights have been violated, because the SSA did not send her for a consultative examination. However, a Social Security claimant has no right to any particular medical evaluation. *See* 20 C.F.R. §§ 404.1519(a)-(f). The regulations specifically vest the SSA with the ability to determine whether to purchase a consultative examination to resolve inconsistencies, obtain additional evidence not contained in the records, receive highly technical or specialized medical evidence, or if there was a change in the claimant's condition that is likely to affect his or her ability to work. 20 C.F.R. § 404.1519(a). Plaintiff is not entitled to a consultative examination as of right.

The Third Circuit has held that a district court retains jurisdiction to consider a constitutional claim alleging a denial of due process. *See Rogerson v. Sec'y of Health & Human Servs.*, 872 F.2d 24, 28 (3d Cir. 1989). However, Plaintiff has not been deprived of her due process rights, because her administrative "process is still ongoing." *Repella v. Comm'r Soc. Sec.,* 757 Fed. App'x. 201, 204 (3d Cir. 2018) (non-precedential) (Plaintiff did not raise a colorable constitutional due process claim when his matter was referred back to the lower Child Disability

---

property, without due process of law…" U.S. Const. V. The present matter is not a criminal proceeding calling for the death penalty, hence, the SSA's initial denial of Plaintiff's claim does not impact her "right to life."
[3] *Haines v. Karner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) ("…under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers…").

Benefits (CBD) field office for further processing while his SSI claim remained undisturbed; thus, no final decision was rendered.) Plaintiff may still request a consultative examination from the ALJ at the scheduled hearing. Furthermore, the ALJ did not rule on the merits of the underlying claim or issue a final decision. As stated above, she must first complete the administrative process, and if she does not prevail in those proceedings, she can, on receipt of a final review, seek federal judicial review. *Id*. at 205. This Court lacks jurisdiction; accordingly, this action is dismissed.

### III. CONCLUSION

Plaintiff has failed to exhaust her administrative remedies and has not received a final decision from the Social Security Administration. Accordingly, the Commissioner's 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction is granted, without prejudice, and the case is remanded to the Administration to reach a final decision. An implementing Order follows.